**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-2298**

MOHAMMAD HUSSAIN,

        Plaintiff – Appellant,

    v.

GORDON H. MANSFIELD, Acting Secretary,

        Defendant – Appellee.

Appeal from the United States District Court for the District of Maryland, at Greenbelt.  Peter J. Messitte, Senior District Judge.  (8:07-cv-03370-PJM)

Submitted:  January 14, 2010     Decided:  February 25, 2010

Before MOTZ, SHEDD, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Dawn V. Martin, LAW OFFICES OF DAWN V. MARTIN, Washington, D.C., for Appellant.  Rod J. Rosenstein, United States Attorney, Michael J. Friedman, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Mohammad Hussain appeals the district court's grant of summary judgment in favor of the Department of Veterans Affairs ("the VA") on his employment retaliation claims. Finding no reversible error, we affirm.

I.

Hussain filed suit against the VA under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq., alleging that the VA withheld employment information from potential employers and provided false and/or negative references to potential employers in six instances. Hussain claims these acts are in retaliation for his previous employment discrimination claims against the VA.[*] The district court granted summary judgment in favor of the VA.

In granting summary judgment, the district court found that Hussain had not timely filed two of his claims with an Equal

---

[*] Hussain had previously filed an action for employment discrimination in the District of Columbia, alleging that the VA improperly failed to promote him, retaliated against him, created a hostile work environment, and constructively discharged him from his position as a medical oncologist based upon his race, religion, and national origin. The D.C. district court granted summary judgment on all counts against Hussain and in favor of the VA. See Hussain v. Principi, 344 F.Supp.2d 86 (D.D.C. 2004), aff'd, Hussain v. Nicholson, 435 F.3d 359 (D.C. Cir. 2006).

2

Employment Opportunity ("EEO") Counselor. <u>See</u> 29 C.F.R. § 1614.105(a)(1) (requiring an aggrieved party to bring an employment complaint to an EEO Counselor within 45 days of the occurrence complained of). As to Hussain's other four claims, the district court found that Hussain had failed to show a genuine issue of material fact or provide sufficient evidence to demonstrate discriminatory retaliation. Specifically, the district court found that

> there's just nothing in the record at all with regard to these particular claims that suggests anything relative to race, color, national origin or religion, there's just nothing here. Throughout, and this is the overarching decision which goes back to the District of Columbia's District Court and Circuit Court cases, and the Court finds here as well there are legitimate nondiscriminatory reasons for evaluating the plaintiff the way the defendant did. . . . There has to be illegal discrimination of some kind, and there really is none of the described illegal discrimination.

J.A. 1530 (oral ruling). Hussain timely appealed the district court's decision.

## II.

We review the district court's grant of summary judgment <u>de novo</u>, viewing the facts and all reasonable inferences drawn therefrom in the light most favorable to Hussain. <u>See</u> <u>Williams v. Giant Food Inc.</u>, 370 F.3d 423, 428 (4th Cir. 2004). Having conducted such a review, we find that the district court did not

err.  Accordingly, we affirm substantially on the reasoning of the district court.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED